Wendell C. JOHNSON et al., Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF DETROIT, a Michigan Corporation, Defendant.

Civ. A. No. 6–70206.

United States District Court,
E. D. Michigan, S. D.

Sept. 3, 1976.

Allan Neef, Darden, Neef & Heitsch, Lloyd E. Powell, Robert Houston, Detroit, Mich., for plaintiffs.

Robert C. Winter, David M. Hayes, Fred W. Batten, Clark, Klein, Winter, Parsons & Prewitt, Detroit, Mich., for defendant.

## MEMORANDUM OPINION GRANTING MOTION TO REMAND

FEIKENS, District Judge.

Plaintiffs, Wendell C. Johnson, Armentha F. Johnson, Frances R. Lipscomb, Edward McCullough, and Katherine McCollough claim they are representatives of a class of Michigan residents presently or hereafter having home mortgage contracts which are held or administered by defendant, First Federal Savings and Loan Association of Detroit.

Plaintiffs filed their suit in the Wayne County Circuit Court alleging three grounds for complaint: (1) that defendant receives funds monthly from plaintiffs under escrow arrangements, which funds are used for the purpose of paying ground rents, insurance premiums, taxes and assessments with respect to each plaintiff's mortgaged real property as such payments fall due; that defendant does not segregate the escrow funds, that it puts these funds into its general operating account, that it invests and uses the funds but that it refuses to make an accounting in violation of its fiduciary duties to plaintiffs or to pay over to plaintiffs the earnings and profits by which defendant has been unjustly enriched; (2) citing the Code of Federal Regulations (12 CFR 555.2 and 546.5–11), the Michigan statutes (M.C.L.A. §§ 489.777), and plaintiffs' mortgage contracts with defendant, that defendant uses collection methods which effectively require plaintiffs monthly to pay more than the one-twelfth (1/12) allowed by law of the estimated annual taxes, assessments, insurance premiums, and ground rents; and (3) that defendant is violating the Federal Consumer Credit Protection Act (15 U.S.C. §§ 1601–1665, also known as the "Truth in Lending Act") and Regulation Z (12 CFR § 226.2 et seq.) when it fails to disclose to plaintiffs the earnings, profits, and other benefits that it derives from the use of the escrow funds, and that the effective interest rate charged by defendant is usurious under Michigan law (M.C.L.A. §§ 438.31).

Plaintiffs' present state complaint is substantially similar to one filed in 1972 in the United States District Court for the Eastern District of Michigan by a different group of named plaintiffs claiming to represent the same class of Michigan residents. In the earlier case plaintiffs also sued defendant First Federal Savings and Loan Association of Detroit alleging basically the same grounds for complaint as those now alleged in Counts I and II.[1] The United States District Court took jurisdiction of the case under 28 U.S.C. § 1337. *Gibson v. First Federal Savings and Loan Association*, 347 F.Supp. 560 (E.D.Mich. 1972). Partial summary judgment was granted to the defendant, the court concluding as a matter of law that federal regulations did not require defendant to segregate the escrow funds collected nor did they prohibit defendant from using the funds for investment or from retaining any accumulated profits. *Gibson v. First Federal Savings and Loan Association*, 364 F.Supp. 614 (E.D.Mich.1973). Then in an unpublished opinion filed December 5, 1973, this court held on the merits that defendant had violated no federal regulations by its calculation of the escrow fund payments charged plaintiffs. The court declined to exercise pendant jurisdiction over plaintiffs' state law claims alleging breach of contract, unjust enrichment, and breach of fiduciary responsibility since "the federal claims [were] dismissed before trial, even though not insubstantial in a jurisdictional sense."

---

1. Counsel for both parties were the same in the 1972 cause of action as they are in the present case. The Honorable John Feikens was presiding judge in 1972, and he also is presiding in the present action.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). [These state law claims are identical to those stated in present Count I and implicit in the present Count II. The present Count III includes a wholly new state law claim based on the Michigan usury statute (M.C.L.A. §§ 438.31)].

This court's decision was affirmed on appeal by the United States Court of Appeals for the Sixth Circuit, *Gibson v. First Federal Savings and Loan Association,* 504 F.2d 826 (6th Cir. 1974). A claim based on the Truth in Lending Act (analogous to the present Count III) was not raised in the District Court and was not considered by the Court of Appeals. It constitutes the only wholly new federal claim presented in the instant case.

Defendant asserts that the present cause of action should be continued in this court under the removal statute, 28 U.S.C. § 1441(c), because plaintiffs' claims are claims over which this court has original jurisdiction under 28 U.S.C. § 1337. Defendant makes alternative arguments in support of removal: (1) that since plaintiffs have relied specifically on federal statutes or regulations in Counts II and III of their complaint, Counts II and III state federal questions on their face; that Count I, stating facially state law claims only, should be removed along with Counts II and III under this court's power to take pendant jurisdiction since they derive from a common nucleus of operative fact and are such that they would all ordinarily be tried in one judicial proceeding. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); (2) alternatively, that all of plaintiffs' claims are actually federal claims; that federal law has preempted the entire area of regulation of federal savings and loan associations, thus rendering state law clearly inapplicable; that plaintiffs' complaint must be characterized as federal in nature and this court has, therefore, both original and removal jurisdiction.

Plaintiffs have now moved for leave to amend their complaint to delete all refer-

ences in Counts II and III to federal law or regulations, and they have moved for remand of their case to the Wayne County Circuit Court claiming that the United States District Court has no original jurisdiction over the case that would give rise to removal jurisdiction under 28 U.S.C. § 1441(c).

■ Counts II and III of the plaintiffs' complaint do state federal questions facially and this, without more, would ordinarily permit defendant to remove the case to this court. 28 U.S.C. § 1441. A plaintiff may not amend a complaint after removal solely to defeat federal jurisdiction. *Brown v. Eastern States Corp.,* 181 F.2d 26 (4th Cir. 1950), *cert. denied,* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950). Nonetheless the court agrees with Professor Moore's statement that

"  .   .   . the district court should have the discretionary power, exercised in keeping with all the circumstances of the particular case, to remand the action to the state court, unless there is some other basis, such as diversity, to support Federal jurisdiction over the amended claim." Moore's Federal Practice, 1A § 0.160 at 196.

The circumstances of this particular case, in light of the history of *Gibson,* (which is well known to all parties to the present action) lead the court to conclude that plaintiffs' inclusion of the specific federal claims in Counts II and III was inadvertent. The change now contemplated by plaintiffs is more in the nature of a reformation of the complaint than an amendment to it.

Plaintiffs' motion for leave to clarify their complaint by deleting all specific references to federal law or regulations in Counts II and III is, therefore, granted.

■ Defendant's argument for removal based on the specific references to federal statutes in Counts II and III and pendant jurisdiction over the state claims in Count I must fail since the amended complaint will no longer contain any specific references to federal law or regulations.

Defendant's second argument for removal is based on the concept of federal pre-

emption. Defendant asserts that federal law has preempted the regulation of federal savings and loan associations, that no state law is applicable, and that plaintiffs are necessarily stating a federal claim giving rise to original and removal jurisdiction.

The court doubts that there is federal preemption in this case. The regulation principally relied upon by defendant (12 CFR 545.6–11) demonstrates implicitly that preemption was not intended. That regulation incorporates by reference state law in the several jurisdictions, and allows disparate results where bargained for in express contracts. Since a desire for uniformity is a major reason that Congress uses to decide that federal law preempts a given field, the specific rejection of uniformity by it indicates that federal preemption was not intended.

■ However, the court need not consider whether federal law has preempted the area. As the United States Court of Appeals for the Ninth Circuit has said, "Federal preemption is a matter of defense to a state law claim, and not a ground for removal." *Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654 (9th Cir. 1972). Plaintiffs are free to determine on which law they intend to rely. In so deciding, this court is well aware that there is a line of cases which hold that federal preemption does give rise to removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 737*, 376 F.2d 337 (6th Cir. 1967), *affg.* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Rettig v. Arlington Heights*, 405 F.Supp. 819 (N.D.Ill.1975); *North Davis Bank v. First National Bank of Layton*, 457 F.2d 820 (10th Cir. 1972); *Fay v. American Cystoscope*, 98 F.Supp. 278 (S.D.N.Y.1951); *Johnson v. England*, 356 F.2d 44 (9th Cir. 1966); *S. E. Overton Co. v. International Brotherhood of Teamsters*, 115 F.Supp. 764 (W.D.Mich.1953); *Hayes v. C. Schmidt*, 374 F.Supp. 442 (E.D.Pa.1974). The difficulty with these cases is that they make an irrelevant distinction between the ordinary federal question defense (where defendant asserts that a state statute relied upon by plaintiffs is in conflict with federal constitutional or statutory law) and the federal preemption defense (where defendant asserts that federal law so dominates an entire body, of regulation that the facts alleged by plaintiff necessarily cannot present a state cause of action). Under the first situation there would be no removal jurisdiction but under the second there would be removal jurisdiction according to these cases. The court can see no rationale for making this distinction and it declines to do so. Plaintiffs have asserted state claims; they are entitled to an opportunity to prove them in a state court. After remand defendant's proper recourse is to assert the doctrine of federal preemption as a ground for dismissal for failure to state a claim upon which relief can be granted.

The principles of federalism are well served by this result. State courts are able to decide the question of federal preemption, to apply state law if that is appropriate, or to dismiss the action if there is no applicable state law. Both plaintiffs and defendant are protected since there is potential review in the United States Supreme Court.

For the foregoing reasons, plaintiffs' motion for remand is granted. An appropriate order may be submitted.