Martha H. SANDERSON,
et al., Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF ALABAMA, Defendants.

CIV. A. No. 96–D–1367–S.

United States District Court,
M.D. Alabama,
Southern Division.

Sept. 30, 1996.

Nicholas S. Hare, Monroeville, AL, C. Knox McLaney, III, Montgomery, AL, G.A. Lindsey, Elba, AL, for plaintiffs.

Terry Alan Sides, Walter R. Byars, Montgomery, AL, Joe C. Cassady, Enterprise, AL, Fournier J. Gale, III, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is before the Court on the plaintiffs', Martha H. Sanderson, et al., motion to remand filed September 10, 1996. The defendants, Blue Cross and Blue Shield of Alabama, filed a memorandum in opposition to plaintiffs' motion on September 24, 1996. For the reasons set out below, the Court finds that the plaintiffs' motion to remand is due to be granted.

The defendants assert that the plaintiffs, in a recent pleading, raised a claim against defendants for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Accordingly, the defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question jurisdiction) and that they have removed this action from state court in compliance with 28 U.S.C. § 1446(b). In response, the plaintiffs plead alternatively that: 1) they have not raised an ERISA claim, and thus, this Court lacks subject matter jurisdiction; 2) the defen-

dants have failed to comply with 28 U.S.C. § 1446(b) and consequently have waived their right of removal; or 3) any "ERISA preemption" suggestion raised by defendants is available only as a defense and cannot support removal.[1]

## FACTS

■ The plaintiffs instituted this action in the Circuit Court of Coffee County on April 1, 1988. Initially, the plaintiffs consisted of several Blue Cross subscribers who claimed that Blue Cross was improperly and impermissibly retaining funds for a "contingency reserve," in violation of state law regulating Blue Cross–Blue Shield and state insurance guidelines and standards.[2]

In 1989, this case was certified as a class action. Blue Cross appealed and eventually the Alabama Supreme Court held that the named plaintiffs were not members of the class they sought to represent. The court then granted mandamus which set aside the certification and remanded the case to the Circuit Court to hold a class certification hearing and to decide the dispositive issues. *See Ex Parte Blue Cross Blue Shield of Alabama,* 582 So.2d 469 (Ala.1991). The court also noted that several of the plaintiffs were members of employee welfare benefit plans governed by ERISA. *Id.* at 476.

A class certification hearing was set by the Circuit Court for August 22, 1996 and later moved back to August 30. On August 29, 1996 the defendants received a service copy of a pleading styled "Supplemental Filing for Plaintiffs in Response to Defendant's Motion for Summary Judgment." ("plaintiffs' brief") The plaintiffs' brief was never filed with the court and the plaintiffs contend that it was erroneously served on the defendants.

The first page of the plaintiffs' brief bears the title, "Pretrial Brief of Plaintiffs, *Preliminary.*" (emphasis in the original). The current controversy stems from statements

---

1. Because the Court finds that plaintiffs are correct on either of their first two grounds, the Court does not address their third basis for remand.

2. Although ERISA broadly preempts state law claims relating to employee benefit plans brought

by ERISA participants and beneficiaries, claims made under state insurance laws fall outside the realm of ERISA preemption. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

found on page eleven of plaintiff's brief ("page eleven statement"):

1. The plaintiffs' interpretation of the guideline is consistent with the Federal Statute ERISA. The procedure of Blue Cross violates ERISA

Plaintiff Subscriber Stallworth Timber Company, and certain other plaintiff subscribers, are subject to ERISA. An important aspect of which prohibits endangering, burdening or draining the health care service plan with charges or contributions to unrelated programs. A part of the premium paid by this ERISA subscriber goes to fund a reserve the size of which is ascertained and fixed by factors unrelated to the subscriber's contract, and constitutes an unjustified burden.

This statement is found in a section titled "D. *Legal Considerations and Conclusion* applicable to construction of agreements." Immediately before the page eleven statement, plaintiffs' brief states, "We urge the Court that a simple reading of the Contingency Reserve Document makes its meaning clear and unambiguous; however, any doubt will be quickly resolved by the application of the standard rules of construction." The page eleven statement is the first in a list of ten numbered statements. The other statements in the list are fundamental rules of contract construction.[3]

Following their receipt of plaintiffs' brief, the defendants filed a notice of removal on August 29, 1996. Although it has been undisputed since 1989 that some of the plaintiffs' health plans were governed by ERISA, the defendants predicate their removal on the allegation that the plaintiffs' brief was the first time they were made aware that the plaintiffs were claiming the defendants had violated ERISA. The defendants contend that their removal rights pursuant to 28 U.S.C. § 1446(b) were triggered only after they received the plaintiffs' brief.

## DISCUSSION

■ It is well-settled that the defendants, as the parties removing an action to federal court, have the burden of establishing federal jurisdiction. *Sullivan v. First Affiliated Secs.*, 813 F.2d 1368 (9th Cir.1987), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987). Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979); *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977).

### A. The ERISA Claim

The defendants contend that the page eleven statement states an ERISA claim on its face. The Court acknowledges that the page eleven statement says that the procedure of Blue Cross violates ERISA, but finds that, when the page eleven statement is read in the context of plaintiffs' entire brief, the plaintiffs have not stated a claim based on a violation of ERISA.

■ Initially, the Court observes that plaintiffs' brief was an incomplete document, a rough draft at best. The plaintiffs' brief is clearly titled "Preliminary." Citations within the brief are incomplete or absent. Plaintiffs' brief contains large gaps in reasoning and argument; entire sections are missing. Contained within plaintiffs' brief are notes to the author. For example on page four it states, "Who checks on this non-stock corporation? Need more be said to justify Court attention?" This was clearly an unfinished document. Thus, the question before the

---

**3.** Statements in the list include:

2. If there are two constructions, one of which will make the agreement legal, and the other will make it contrary to law or public policy, the former will be adopted. 17A CJS. Contracts 318 Note 50 and 17A Am Jur Contracts 346.

3. When possible, a reasonable and equitable construction will be given an contract. 17A CJS Contracts 319. 17A AmJur Contracts 343.

4. Agreements should not be given a strained construction. 17A CJS Contracts 294(d).

5. The general rule is that a Court cannot alter an existing contract or make a new contract for the parties, but can only construe the contract made by the parties. 17A CJS Contracts 296(3).

Court is whether a statement contained within an unfinished document, never filed with the court, and erroneously given to the defendants, can be construed as an ERISA violation claim. The Court finds that such a document is unreliable as a matter of law. As such, the plaintiffs' brief is not probative of whether the plaintiffs raised an ERISA claim. *See United States v. Esle,* 743 F.2d 1465, 1473 (11th Cir.1984).

The defendants contend that they had the right to rely on this document because it was signed by plaintiffs' counsel. The defendants point to *Rule 11, Ala.R.Civ.P.* for the proposition that by signing plaintiffs' brief, the plaintiffs attested they had read it, and it had good ground for support. Nevertheless, the Court cannot ignore the obvious; the plaintiffs' brief was an incomplete document not intended to be seen or relied on by the court or the defendants. While sanctions may or may not be appropriate, the Court will not find that counsel's signature obviates the unreliable nature of plaintiffs' brief.

However, even if the Court considers the page eleven statement, the Court finds that plaintiffs have not raised an ERISA claim. In removal and remand situations, the plaintiff largely controls his or her own destiny through the complaint. The plaintiff " 'may avoid federal jurisdiction by exclusive reliance on state law.' " *Sexton v. Principal Financial Group,* 920 F.Supp. 169, 173 (M.D.Ala.1996) (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Burke v. Humana Ins. Co.,* No. 95–T–299–N, slip op. at 4, 1995 WL 841678 (M.D.Ala. May 11, 1995)). In order to effectuate this narrow interpretation of the removal statute, the court should look to the "face of the complaint" and consider only the claims established according to the well-pleaded complaint rule. *Id.* at 172–173.

■ The Court recognizes that the broad scope of ERISA preemption permits defendants to remove a matter where the plaintiffs fail to explicitly state an ERISA claim on the face of the complaint. However, the mere fact that ERISA is mentioned in a pleading is insufficient to provide federal subject matter jurisdiction. *See Forbus v.*

*Sears Roebuck & Co.,* 30 F.3d 1402, 1405 (11th Cir.1994) *cert. denied* 115 S.Ct. 906, 130 L.Ed.2d 788 (1995). The Supreme Court has stated:

> A district court's federal-question jurisdiction ... extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Francise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

■ The defendants point to the page eleven statement in plaintiffs' brief and say its obvious that plaintiffs are raising an ERISA claim. However, a brief is fundamentally different than a complaint. By analogy, the complaint tells the Court what's on the menu, the brief tells the Court why it should eat a particular entree. If the complaint lists chicken and fish as entrees and the brief says eat the chicken because it will save the cows, it does not mean that thereafter there is steak on the menu. In the instant case, the page eleven statement in plaintiffs' brief is part of a contract construction argument made by the plaintiffs. The page eleven statement is made to support plaintiffs' argument that the "Contingency Reserve Document" should be construed as plaintiffs have suggested because if construed the way defendants suggest, the defendants would be violating ERISA. By so arguing, the plaintiffs have not put ERISA on the menu. The Court finds that plaintiffs' page eleven statement is part of a contract construction argument, and does not place a claim for ERISA violations before the Court.

### B. Waiver

■ Assuming, *arguendo* that plaintiffs have stated an ERISA claim in a reliable pleading, the Court still finds that this cause is due to be remanded. The Court finds that the defendants have not complied with 28 U.S.C. § 1446 and thus, have waived their right to remove this action. Section 1446(b) provides that removal must be filed within

thirty days of the receipt by the defendant of a pleading or "other paper" from which the defendant can ascertain that the action is removable. Thus, the Court must determine when the defendant could first ascertain that this action contained an ERISA claim or that the plaintiffs' claims were preempted by ERISA.

The defendants contend that the plaintiffs' brief was the first document from which they could ascertain that the case is was removable. However this contention is contrary to defendants own pleadings which have been made part of the record. In a brief filed on June 16, 1989 with the Alabama Court of Civil Appeals, the plaintiff state on page 34:

> *Third* the majority of the plaintiffs receive or sponsor benefits under group health plans governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). It is well established, both in Alabama and within the federal courts, that claims such as those asserted in plaintiffs' complaint are preempted by federal law and fail to state any claim whatsoever under state law.

The question of when the defendants received a document from which they could ascertain that the case was removable is rendered moot by their June 16, 1989 pleading. The Court need not speculate on when the defendants *could ascertain* the action was removable; there is evidence before the Court that the defendants *did ascertain* that the action was removable by June 16, 1989 at the latest.

The defendants argue strenuously that they received no document prior to the plaintiffs' brief, which raised an ERISA claim. They conclude that their thirty day time period did not begin to run until the receipt of this document. The defendants' reasoning, if accepted, would eviscerate an important function of the removal statute. Section 1446(b) serves at least three important functions including: 1) taking the guesswork out of determining when a defendant knows an action is removable; 2) providing plaintiffs with a modicum of certainty as to the forum in which an action will be contested; and 3) conserving scarce judicial resources.

When the plaintiff's initial pleading does not reveal that a case is removable, without § 1446(b) courts would be left to develop ad hoc tests and perform time consuming investigations into when a defendant should have realized a case was removable. By beginning the thirty day removal period on the day the defendant receives a document from which he should ascertain that the action is removable, Congress eliminated the need for courts to speculate on the rate or effectiveness of a party's legal analysis.

However, the situation is quite different when a party affirmatively represents to the court that it knows an action is removable. Once this happens, only the protection functions of § 1446(b) are implicated. If a defendant represents before the court that it knows it could remove an action, the plaintiff is entitled to rely on the defendant's subsequent failure to remove. Similarly, § 1446(b) does not allow the courts' scarce resources to be wasted by defendants who affirmatively represent that they know they could remove an action, but who fail to do so within thirty day time limit. Accordingly, the Court finds that the thirty day period begins running from the date a defendant files a pleading indicating it has ascertained an action is removable. Thus, the Court finds that the defendants have failed to remove this action in conformance with § 1446(b), and any right to remove has been waived.

### ORDER

Accordingly, it is CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED and that this cause be and the same is hereby REMANDED to the Circuit Court of Coffee County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.