William G. BROMBERG, II, Plaintiff,

v.

METROPOLITAN LIFE INS. CO., at al., Defendants.

No. Civ.A. 98–D–1174–N.

United States District Court, M.D. Alabama, Northern Division.

April 21, 1999.

David H. Marsh, Jeffrey C. Rickard, Birmingham, AL, for plaintiff.

Lee E. Bains, Jr., Birmingham, AL, Edward A. Hosp., State of Alabama, Montgomery, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court are Plaintiff's Motion To Remand, filed on November 9, 1998, and Plaintiff's Motion For Costs And Attorney's Fees ("Motion For Atty's Fees"), filed on December 7, 1998. On November 30, 1998, Defendant Metropolitan Life Insurance Company ("MetLife") filed a Memorandum In Opposition To Plaintiff's Motion To Remand, which the court construes as a Response ("Response"). Also on December 7, 1998, Plaintiff filed a Memorandum Brief In Reply To Defendant's Opposition To Plaintiff's Motion To Remand, which the court construes as a Reply ("Reply"). Along with his Reply, Plaintiff filed an affidavit of counsel, styled Affidavit of Jeffrey C. Rickard ("Rickard Affidavit"). Also before the court is Defendant MetLife's Motion To Strike Portions Of Affidavit Of Jeffrey C. Rickard ("Motion To Strike"), filed on January 7, 1999. On January 27, 1999, Plaintiff filed his Opposition To Defendant's Motion To Strike ("Opposition"). On April 16, 1999, Plaintiff filed a Notice Of Filing, which includes the Affidavits Of Bryan Reed ("Reed Affidavit"), Vicki Matthews ("Matthews Affidavit"), and William G. Bromberg, II ("Bromberg Affidavit").

After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant MetLife's Motion To Strike is due to be denied as moot, that Plaintiff's Motion To Remand is due to be granted, and that Plaintiff's Motion For Costs And Attorney's Fees is due to be denied.[1]

## FACTUAL BACKGROUND

Plaintiff filed a Complaint against Defendants MetLife, Charles Freeman, and Dan Freeman in the Circuit Court of Montgomery County on September 11, 1998. In his Complaint, Plaintiff alleges, inter alia, that he is the victim of fraud in connection with a life insurance policy that he purchased on or about January 20, 1992 from Defendant MetLife based upon representations from Defendant Charles Freeman, who was supervised and/or managed by Defendant Dan Freeman. (Compl.¶¶ 5–11.)

On October 16, 1998, Defendants MetLife, Charles Freeman, and Dan Freeman timely filed a Notice Of Removal ("Removal Not.") pursuant to 28 U.S.C. § 1446, thereby removing this case to this court. In support of removal, Defendants assert that this court exercises subject matter jurisdiction over this case through diversity of citizenship and requisite amount in controversy, pursuant to 28 U.S.C. § 1332.[2] (Removal Not. ¶ 3.)

The following citizenship designations are undisputed by the Parties to this action: (1) Plaintiff is a citizen and resident of the State of Alabama (Compl. ¶ 4; Removal Not. ¶ 4); (2) Defendant MetLife is a New York corporation with its principal place of business in the State of New York (Removal Not. ¶ 5); (3) Defendant Charles Freeman is a citizen and resident of the State of Tennessee (*Id.* ¶ 6); and (4) Defendant Dan Freeman is a citizen and resident of the State of Alabama. (*Id.* ¶ 7).

Although Defendants agree that Defendant Dan Freeman is an Alabama citizen, Defendants contend that "Dan Freeman's joinder does not preclude diversity jurisdiction, however, because Dan Freeman has been fraudulently joined" to defeat diversity. (*Id.*) Specifically, Defendants argue that "the joinder of Dan Freeman does not preclude diversity jurisdiction because there is no possibility that Plaintiff can establish any cause of action against him under the facts alleged." (*Id.* ¶ 8.) Defendants contend that, but for the fraudulent joinder of Defendant Dan Freeman, complete diversity would exist between Plaintiff and the remaining two Defendants, MetLife and Charles Freeman. (*Id.* ¶¶ 7–8.)

In his Motion To Remand, Plaintiff claims that removal by Defendants was improper because of a lack of complete diversity. Specifically, Plaintiff contends that this court lacks subject matter jurisdiction because Defendants have not met their burden of proving fraudulent joinder, arguing that "Defendants have not and cannot show that the allegations of the complaint state no possible cause of action

1. On October 28, 1998, Defendant MetLife filed both a Motion For Judgment On The Pleadings ("Motion For JOP") and a Memorandum In Support Of Its Motion For Judgment On The Pleadings. On November 9, 1998, Plaintiff filed both a Motion For Extension Of Time To Respond ("Motion For Extension") to Defendant MetLife's Motion For JOP and his Motion To Remand, arguing that his Motion For Extension should be granted to allow the court adequate time to rule on his Motion To Remand because subject matter jurisdiction is due to be determined before Defendant MetLife's Motion For JOP may properly come before the court. On November 12, 1998, the court entered an Order

granting Plaintiff's Motion For Extension, determining that Plaintiff need only file a Response to Defendant MetLife's Motion For JOP if the court denies Plaintiff's Motion To Remand. Because the court finds herein that Plaintiff's Motion To Remand is due to be granted, the court also finds that both Defendant's Motion For JOP and Plaintiff's Motion To Vacate Scheduling Order, filed on April 6, 1999, are due to be denied as moot.

2. The issue of requisite amount in controversy is not in dispute in this action. Accordingly, the court focuses on the diversity of citizenship issue.

against the non-diverse defendant [Dan Freeman]." (Remand Mot. at 1.)

## DISCUSSION

### I. Plaintiff's Motion To Remand

■ Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,-000.00. *See* 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. *See* 28 U.S.C. § 1332(a).

■ It is well-settled that the defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer*, 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Shamrock Oil*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz*, 85 F.3d at 1505; *Coker v. Amoco Oil Co.*, 709 F.2d 1433

(11th Cir.1983); *Stone v. Williams*, 792 F.Supp. 749 (M.D.Ala.1992).

■ As the Supreme Court has long recognized, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.... [A] third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (citations omitted).

■ "The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)); *see also Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citing *Cabalceta*). The burden on the defendant is a "heavy one." *Crowe*, 113 F.3d at 1538. "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.; see also Coker*, 709 F.2d at 1440 (citing *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968)).[3] "If there is even a possibility that a state court would find that the complaint states a cause of action

3. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See*

against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440–41 (citing *Parks v. New York Times, Co.,* 308 F.2d 474, 477–78 (5th Cir.1962)). In addressing fraudulent joinder, the court may consider both affidavits and deposition excerpts. *See Cabalceta,* 883 F.2d at 1561; *Coker,* 709 F.2d at 1440.

Here, the court must determine whether Defendant Dan Freeman was fraudulently joined. Arguing against such a fraudulent joinder, Plaintiff claims that:

> [Defendant] Joseph D. (Dan) Freeman was joined in good faith. He and defendant Charles D. Freeman worked in the same Metropolitan Life Insurance office as the only agents therein. *Dan Freeman's involvement in the transactions made the subject of this suit* are [sic] therefore reasonably based. Further, Dan Freeman was the senior, more experienced agent. His involvement in and supervision of the transactions made the subject of this suit, in the absence of discovery to the contrary, are well founded.

(Remand Mot. at 2 (emphasis added).) [4]

In its Response, Defendant MetLife [5] relies on the Affidavit Of Joseph D. Freeman [6] ("Dan Freeman Affidavit") (Removal Not., Ex. C), filed with its Notice Of Removal, to refute any allegations by Plaintiff that Dan Freeman had management or supervisory responsibility over Charles Freeman. (Resp. at 2 (citing Dan Free-

man Aff. ¶ 5).) The Dan Freeman Affidavit states the following, in relevant part:

> The complaint in this action is incorrect in stating that I acted as the supervisor and/or manager of Charles D. Freeman. Charles D. Freeman was employed as an account representative for MetLife from April 1991 through April 1993. During this entire period, the MetLife employee responsible for supervising and managing Charles D. Freeman was the manager of MetLife's Capital City Branch in Montgomery, Alabama. During this entire period, I was an account representative for MetLife assigned to the Capital City Branch and had no management or supervisory responsibility over Charles D. Freeman. Charles D. Freeman is my son.

(Dan Freeman Aff. ¶¶ 5–6.) Defendant MetLife admits that the fraudulent joinder issue turns on a question of fact (*Id.* at 4 n. 1) and argues that, when Plaintiff filed his Motion To Remand:

> Plaintiff submitted no affidavit, documents, or other evidence that might rebut Dan Freeman's sworn statement that he had no management or supervisory responsibility over Charles Freeman. Nor did plaintiff explain what, if any, investigation he had undertaken to ascertain Dan Freeman's alleged supervisory position, or Freeman's involvement in the sale of plaintiff's policy.

(*Id.* at 2.) [7]

Thereafter, to rebut the allegations set forth in the Dan Freeman Affidavit, Plain-

---

*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**4.** In the alternative, Plaintiff requests that the court "hold in abeyance plaintiff's Motion to Remand..., and order limited discovery as to the identity and citizenship of the party Dan Freeman alleges (in his affidavit) had supervisory control over Charles Freeman and as to the extent of Dan Freeman's responsibilities in his role as the only other MetLife agent/employee in the office of Charles Freeman." (Remand Mot. at 2.) The court, in finding that this case is due to be remanded, need not reach this discovery issue.

**5.** Although all other pleadings prior to the Response to Plaintiff's Motion To Remand have been filed on behalf of all three defendants, MetLife, Charles Freeman, and Dan Freeman, said Response was filed solely on behalf of Defendant MetLife.

**6.** The court notes that Joseph D. Freeman is referred to in these proceedings as Dan Freeman.

**7.** Further, Defendant MetLife argues that Plaintiff has "added a second unsupported claim that—contrary to the Complaint—Dan Freeman also had direct '*involvement in* ... the transactions made the subject of this suit.'" (Resp. at 2–3 (quoting Remand Mot. at

tiff filed the Reed, Matthews, and Bromberg Affidavits. In the Bromberg Affidavit, Plaintiff states, inter alia, that:

> [Defendant] Charles Freeman further represented to me that [Defendant] Dan Freeman held a supervisory/managerial role in that [Montgomery, Alabama] office which included review and approval authority of the sale of the policy Charles Freeman was attempting to sell to me, including review and approval authority of the illustrations and representations made to me regarding the features of the policy, the investment aspects of the policy, and the premium requirements of the policy. Charles Freeman further represented to me that Dan Freeman did in fact review and approve the method of sale, including the representations and illustrations, and the sale of the subject policy to me.

(Bromberg Aff. at 1–2.)

In considering both the Bromberg and Dan Freeman Affidavits,[8] the court finds that a distinct factual issue exists; to wit, whether Dan Freeman was involved in the dealings which led to Plaintiff's purchase of an allegedly fraudulent life insurance policy. Plainly speaking, Plaintiff claims that he was; Defendant MetLife claims that he was not. As stated earlier, when determining the propriety of a motion to remand based upon a lack of fraudulent joinder, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff." *Crowe*, 113 F.3d at 1538. Indeed,

> [t]he fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'

*Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380–81 (11th Cir.1998) (quoting *Crowe*, 113 F.3d at 1538).

█ Therefore, in viewing the facts in the light most favorable to Plaintiff, the court finds that Defendant Dan Freeman was involved in the course of dealings which resulted in Plaintiff's purchase of the life insurance policy at issue in this case. Accordingly, Plaintiff has stated an arguable cause of action against Defendant Dan Freeman, the non-diverse defendant. Thus, because the case is lacking in complete diversity, the court finds that Defendants improperly removed this case to federal court. Based on the foregoing, the

---

2) (emphasis in the original).) Defendant argues that Plaintiff's use of the phrase "Dan Freeman's involvement in" in his Motion To Remand is distinct from Plaintiff's use of the phrase "acting as supervisor and/or manager of" in his Complaint and is being "raised for the first time in plaintiff's motion to remand." (Resp. at 6.)

Plaintiff argues that "contrary to defendant's contentions, no new allegations were raised against defendant Dan Freeman.... Describing Dan Freeman as *involved in the subject transaction* is entirely consistent with the pleadings." (Reply at 2 (emphasis in the original).) Plaintiff further argues that his very allegations, that Dan Freeman "had the authority to supervise and/or manage Charles Freeman and the duty to train and/or direct him on the proper way to illustrate and sell this life insurance policy," represent Dan Freeman's "involvement in the transactions." (*Id.* (quoting Compl. ¶ 12).)

· The court finds Defendant MetLife's argument to be without merit. Rather, the court agrees with Plaintiff's explanation that his descriptions of the alleged activity of Defendant Dan Freeman are entirely consistent. The court finds no evidence that Plaintiff is attempting to improperly bolster the pleadings as originally set forth in his Complaint. Rather, the court finds that it is completely logical that, if Dan Freeman is liable for fraud due to his supervisory activities, he was involved in the subject transaction.

8. Based on the court's consideration of the affidavit testimony of Plaintiff, the court finds that it need not consider the Rickard Affidavit in determining that this case is due to be remanded. Therefore, the court finds that Defendant MetLife's Motion To Strike portions of the Rickard Affidavit is due to be denied as moot.

court finds that Plaintiff's Motion To Remand is due to be granted and that this case is due to be remanded to the Circuit Court of Montgomery County for adjudication.[9]

## II. Plaintiff's Motion For Attorney's Fees

Plaintiff claims that he is entitled to an award of costs and attorney's fees because removal "in this cause was groundless and was filed only for purposes of vexation and delay" and because "[s]ubject matter jurisdiction in this cause was patently lacking." (Mot. For Atty's Fees at 1.) Defendants filed no opposition to Plaintiff's Motion For Attorney's Fees. The court finds that Plaintiff's Motion For Attorney's Fees is due to be denied.

In the Judicial Improvements and Access to Justice Act of 1988 ("JIAJA"), Congress greatly expanded the discretion afforded to federal district courts to award costs and attorney's fees pursuant to 28 U.S.C. §§ 1446 and 1447, where an action has been improperly removed to a federal court. *See* Pub.L. 100–702. As a result of the JIAJA, the amended version of § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award attorney's fees and costs is within the sole discretion of the trial court. *See IMCO USA, Inc. v. Title Ins. Co. of Minn.*, 729 F.Supp. 1322, 1323 (M.D.Fla.1990). Prior to the 1988

amendment to § 1447(c), most courts did not include an award of attorney's fees for improper removal without a showing of bad faith because the statute did not mention attorney's fees as an available remedy to an improper removal. *See Gray v. New York Life Ins. Co.*, 906 F.Supp. 628, 630 (N.D.Ala.1995) (citing *Bucary v. Rothrock*, 883 F.2d 447, 450 (6th Cir.1989)).

Subsequent to the amendment, courts have interpreted S 1447(c) to allow broad discretion to a district court when determining whether to award attorney's fees. *See Gray*, 906 F.Supp. at 631 (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir.1994)). The standard that has emerged is whether "the defendants in this action acted reasonably on the basis of the information available at the time of removal." *Howard Griggs Trucking, Inc. v. American Cent. Ins. Co.*, 894 F.Supp. 1503, 1510 (M.D.Ala.1995) (DeMent, J.). More specifically, even though a defendant may have acted in good faith, a district court may award attorney's fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." *See Grace v. Interstate Life & Accident Ins. Co.*, 916 F.Supp. 1185, 1192 (M.D.Ala.1996) (DeMent, J.); *Bedford v. Connecticut Mut. Life Ins. Co.*, 916 F.Supp. 1211, 1217 (M.D.Ala.1996) (DeMent, J.) (finding that "removal jurisdiction was not 'patently lacking' because the issue of whether diversity jurisdiction exists . . . is far from a simple determination").

---

9. The court notes that if, upon a motion to dismiss or some other appropriate proceeding in the Circuit Court of Montgomery County, it is determined that Defendant Dan Freeman is not a proper party in this action and that complete diversity exists, Defendants may once again remove this case. Specifically, Defendants have thirty days from the time it first learns that Defendant Dan Freeman is no longer a Defendant and, therefore, that the case is removable, to file their notice of removal. Title 28 U.S.C. § 1446(b) recognizes that there may be instances in which a case that is not initially removable becomes removable, stating:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Plaintiff filed his Complaint on September 11, 1998, which provides Defendants up to one year from that date within which to file a notice of removal, subject to the thirty-day limitation.

In this action, the court finds that, although this case is due to be remanded, removal jurisdiction was not "patently lacking." The court notes that Defendants acted reasonably and were justified in removing this case on the basis of the information available at the time of removal, including the statements set forth in the Dan Freeman Affidavit. Based on the foregoing, the court finds that Plaintiff's Motion For Attorney's Fees is due to be denied.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and ORDERED that Defendant MetLife's Motion To Strike be and the same is hereby DENIED AS MOOT.

It is further CONSIDERED and ORDERED that Plaintiff's Motion For Attorney's Fees be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that Plaintiff's Motion To Vacate Scheduling Order be and the same is hereby DENIED AS MOOT.

It is further CONSIDERED and ORDERED that Defendant MetLife's Motion For Judgment On The Pleadings be and the same is hereby DENIED AS MOOT.