## SHAMROCK OIL & GAS CORP. *v.* SHEETS ET AL., DOING BUSINESS AS FRIONA INDEPENDENT OIL CO.

No. 727.   Argued April 8, 1941.—Decided April .28, 1941.

*Mr. W. M. Sutton,* with whom *Messrs. R. C. Johnson, Joseph B. Dooley,* and *R. A. Wilson* were on the brief, for petitioner.

*Mr. E. Byron Singleton* for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent, a citizen of Texas and defendant in a court of that state, set up by way of counterclaim or

cross-action against petitioner, the non-citizen plaintiff in the suit, a cause of action for damages in excess of $3,000 for breach of a contract, which was separate and distinct from the alleged indebtedness sued upon by the petitioner. The question for decision is whether the suit in which the counterclaim is filed, is one removable by the plaintiff to the federal district court on grounds of diversity of citizenship under § 28 of the Judicial Code, 28 U. S. C. § 71.

The plaintiff in the state court removed the cause to the United States District Court for Northern Texas, which denied respondent's motion to remand. After a trial on the merits it gave judgment for petitioner, plaintiff below, both on the cause of action set up on its complaint in the suit and on the counterclaim. The Court of Appeals for the Fifth Circuit reversed, 115 F. 2d 880, and ordered the cause remanded to the state court on the ground that the plaintiff in the state court was not a "defendant" within the meaning of § 28 of the Judicial Code, and so was not entitled to remove the cause under that section, which in terms authorizes the removal of a suit subject to its provisions only "by the defendant or defendants therein." We granted certiorari, 312 U. S. 675, to resolve the conflict of the decision of the court below and that of *Waco Hardware Co.* v. *Michigan Stove Co.*, 91 F. 289; see *West* v. *Aurora City*, 6 Wall. 139, with numerous decisions of other circuit courts of appeals. *Carson & Rand Lumber Co.* v. *Holtzclaw*, 39 F. 578; *Bankers Securities Corp.* v. *Insurance Equities Corp.*, 85 F. 2d 856; *Chambers* v. *Skelly Oil Co.*, 87 F. 2d 853, and cases cited in note 5 of the opinion below, 115 F. 2d 880, 882.

We assume for purposes of decision, that if the cause was removable by petitioner, the removal proceedings were regular and timely; that respondent's counterclaim stated an independent cause of action and that the amount

in controversy in that action exceeded the jurisdictional amount, and we confine our decision to the question of statutory construction raised by the petition for certiorari.

Petitioner argues that although nominally a plaintiff in the state court it was in point of substance a defendant to the cause of action asserted in the counterclaim upon which, under Texas procedure, judgment could go against the plaintiff in the full amount demanded. *Peck* v. *McKellar,* 33 Tex. 234; *Gimbel & Son* v. *Gomprecht & Co.,* 89 Tex. 497; 35 S. W. 470; *Harris* v. *Schlinke,* 95 Tex. 88; 65 S. W. 172. But at the outset it is to be noted that decision turns on the meaning of the removal statute and not upon the characterization of the suit or the parties to it by state statutes or decisions. *Mason City & Ft. Dodge R. Co.* v. *Boynton,* 204 U. S. 570. The removal statute, which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts. Cf. *Burnet* v. *Harmel,* 287 U. S. 103, 110.

Section 28 of the Judicial Code authorizes removal of the suits to which it applies "by the defendant or defendants therein." [1] During the period from 1875 to 1887

---

[1] "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United

the statute governing removals, 18 Stat. 470, specifically gave to "either party" to the suit the privilege of removal. At all other periods since the adoption of the Judiciary Act of 1789 the statutes governing removals have in terms given the privilege of removal to "defendants" alone, except the Act of 1867, 14 Stat. 558, continued as par : of § 28 of the Judicial Code, which permits either plaintiff or defendant to remove where there is the additional ground of prejudice and local influence.

Section 12 of the Judiciary Act of 1789, 1 Stat. 79, declared that "if a suit be commenced in any state court against an alien . . . or . . . against a citizen of another state, and the matter in dispute exceeds" the jurisdictional amount "and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause," it shall be removable to the circuit court. In *West* v. *Aurora*

States for the proper district by the defendant or defendants therein, being nonresidents of that state. . . . And where a suit is brought in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the district court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said district court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause. . . . At any time before the trial of any suit in any district court, which has been removed to said court from a State court on the affidavit of any party plaintiff that he had reason to believe and did believe that, from prejudice or local influence, he was unable to obtain justice in said State court, the district court shall, on application of the other party, examine into the truth of said affidavit and the grounds thereof, and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in said State court, it shall cause the same to be remanded thereto. . . ."

*City,* 6 Wall. 139, this Court held that removal of a cause from a state to a federal court could be effected under § 12 only by a defendant against whom the suit is brought by process served upon him. Consequently a non-citizen plaintiff in the state court, against whom the citizen-defendant had asserted in the suit a claim by way of counterclaim which, under state law, had the character of an original suit, was not entitled to remove the cause. The Court ruled that the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction.

By § 3 of the Act of 1875, the practice on removal was greatly liberalized. It authorized "either party or any one or more of the plaintiffs or defendants entitled to remove any suit" from the state court to do so upon petition in such suit to the state court "before or at the term at which said cause could be first tried and before the trial thereof." These provisions were continued until the adoption of the provisions of the present statute, so far as now material, by the Act of 1887, 24 Stat. 552.

We cannot assume that Congress, in thus revising the statute, was unaware of the history which we have just detailed,[2] or certainly that it regarded as without signifi-

---

[2] See H. Rept. No. 1078, 49th Cong., 1st Sess., p. 1:

"The next change proposed is to restrict the right to remove a cause from the State to the Federal court to the defendant. As the law now provides, either plaintiff or defendant may remove a cause. This was an innovation on the law as it existed from 1789 until the passage of the act of 1875.

"In the opinion of the committee it is believed to be just and proper to require the plaintiff to abide his selection of a forum. If he elects to sue in a State court when he might have brought his suit in a Federal court there would seem to be, ordinarily, no good reason to allow him to remove the cause. Experience in the practice under the act of 1875 has shown that such a privilege is often

cance the omission from the earlier act of the phrase "either party," and the substitution for it of the phrase authorizing removal by the "defendant or defendants" in the suit, or the like omission of the provision for removal at any time before the trial, and the substitution for it of the requirement that the removal petition be filed by the "defendant" at or before the time he is required to plead in the state court.

We think these alterations in the statute are of controlling significance as indicating the Congressional purpose to narrow the federal jurisdiction on removal by reviving in substance the provisions of § 12 of the Judiciary Act of 1789 as construed in *West* v. *Aurora City, supra.* See H. Rept. No. 1078, 49th Cong., 1st Sess., p. 1. If, in reënacting in substance the pertinent provisions of § 12 of the Judiciary Act, Congress intended to restrict the operation of those provisions or to reject the construction which this Court had placed upon them, by saving the right of a plaintiff, in any case or to any extent, to remove the cause upon the filing of a counterclaim praying an affirmative judgment against him, we can hardly suppose that it would have failed to use some appropriate language to express that intention. That its omission of the reference in the earlier statute to removal by "either party" was deliberate is indicated by the committee reports which recommended the retention of the provisions of the Act of 1867 for removal by either plaintiff or defendant when an additional ground of removal

used by plaintiffs to obtain unfair concessions and compromises from defendants who are unable to meet the expenses incident to litigation in the Federal courts remote from their homes.

"The committee, however, believe that when a plaintiff makes affidavit that from prejudice or local influence he believes that he will not be able to obtain justice in the State court he should have the right to remove the cause to the Federal court. The bill secures that right to a plaintiff."

is prejudice and local influence. See H. Rept., *op. cit.,* *supra,* p. 2.

The cases in the federal courts on which petitioner relies have distinguished the decision in *West* v. *Aurora City, supra,* on the ground that it arose under an earlier statute. But we find no material difference upon the present issue between the two statutes, and the reasoning of the Court in support of its decision is as applicable to one as to the other. In some of those cases it is suggested also that a plaintiff who brings his suit in a state court for less than the jurisdictional amount does not waive his right to remove, upon the filing of a counterclaim against him. And petitioner argues that this is so even when, as in the present case, the plaintiff's demand is in excess of the jurisdictional amount. But we think the amount of the plaintiff's demand in the state court is immaterial, for one does not acquire an asserted right by not waiving it, and the question here is not of waiver but of the acquisition of a right which can only be conferred by Act of Congress. We can find no basis for saying that Congress, by omitting from the present statute all reference to "plaintiffs," intended to save a right of removal to some plaintiffs and not to others. The question of the right of removal, decided in *Wichita Royalty Co.* v. *City National Bank,* 95 F. 2d 671, 674, on which petitioner also relies, was not presented to or passed upon by this Court. 306 U. S. 103. It involved factors not here present which we find it unnecessary to consider.

Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states

under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy* v. *Ratta*, 292 U. S. 263, 270; see *Kline* v. *Burke Construction Co.*, 260 U. S. 226, 233, 234; *Matthews* v. *Rodgers*, 284 U. S. 521, 525; cf. *Elgin* v. *Marshall*, 106 U. S. 578.

*Affirmed.*