ADDRESSOGRAPH–MULTIGRAPH
CORPORATION, Plaintiff,

v.

Earl M. FEDDER, Defendant.

Earl M. FEDDER, Counterclaim
Plaintiff,

v.

ADDRESSOGRAPH–MULTIGRAPH
CORPORATION, Counterclaim
Defendant
and
Sperry Rand Corporation, Remington
Rand Division, Counterclaim De-
fendant Impleaded.

SPERRY RAND CORPORATION,
Plaintiff,

v.

Earl M. FEDDER, Individually and t/a
Fedder Advertising Distributors, and
Fedder Advertising Distributors, Inc.,
Defendants.

Earl M. FEDDER, Individually and t/a
Fedder Advertising Distributors,
Counterclaim Plaintiff,

v.

SPERRY RAND CORPORATION,
Counterclaim Defendant
and
Addressograph-Multigraph Corporation,
Counterclaim Defendant Impleaded.

Civ. Nos. 11028, 11061.

United States District Court
D. Maryland.

April 3, 1959.

Charles C. G. Evans and John Martin
Jones, Jr., Baltimore, Md., for Addresso-
graph-Multigraph Corp.

Ambrose T. Hartman and James P. Garland, Baltimore, Md., for Sperry Rand Corp.

Herbert S. Garten and Joseph G. Finnerty, Baltimore, Md., for Earl M. Fedder and Fedder Advertising Distributors, Inc.

THOMSEN, Chief Judge.

Fedder's motions to remand these two actions to the state court raise a number of novel questions and require a consideration of the relationship between the two actions as well as of the pleadings.

Addressograph-Multigraph Corporation (A–M) and Sperry Rand Corporation (SR) are Delaware corporations, neither of which has its principal place of business in Maryland. Fedder is a Maryland citizen.

## Pleadings
### Civil No. 11028—the A–M Suit

A–M sued Fedder in the Superior Court of Baltimore City, File No. 52105, for rental for certain machines, etc. Fedder filed general issue pleas, and moved for leave to file a counterclaim against A–M and to join SR as a defendant thereto under Rule 314 c, Maryland Rules of Procedure.[1] Leave was granted, and Fedder filed such a counterclaim. SR filed pleas to the counterclaim in the Superior Court, and filed in this court a timely petition for removal, with bond, and a counterclaim against Fedder. Fedder has moved to remand the case to the state court on the grounds (a) that it was not removable by SR alone, and (b) that SR was estopped to remove it because SR had filed the action against Fedder in the Superior Court which is summarized in the next paragraph.

### Civil No. 11061—The SR Suit

SR sued Fedder and Fedder Advertising Distributors, Inc., in the Superior Court, File No. 53028, on the common counts. Two days before SR filed its petition to remove the A–M suit, File No. 52105, SR filed in the Superior Court an order of dismissal without prejudice in the SR suit, File No. 53028. On the same day Fedder and his corporation filed general issue pleas and a motion for leave to Fedder to file a counterclaim against SR and to join A–M as a defendant thereto under Rule 314 c. Leave was granted and Fedder filed such a counterclaim. A–M filed pleas to the counterclaim in the Superior Court, and filed in this court a timely petition for removal, with bond, and a counterclaim against Fedder. SR filed no plea or answer to Fedder's counterclaim and filed no counterclaim against Fedder in Civil No. 11061, but did file therein a paper entitled "Notice of Plaintiff and Counterclaim Defendant, Sperry Rand Corporation, of Joinder in Removal". Fedder then moved to remand the case to the state court on the same grounds that it had moved to remand the A–M suit, Civil No. 11028.

### Both Suits

It appears from the pleadings that:

Fedder's counterclaims against A–M and SR allege joint and several liability on their part, and arise out of the same series of transactions as the claims of A–M and SR against Fedder.

The alleged facts which support Fedder's claim against A–M and SR are also asserted by Fedder as a defense to the

---

1. Rule 314 provides:

"a. *Counterclaim.*

1. Right to Plead Counterclaim.

In any action any party, against whom a claim, counterclaim, cross-claim or third-party claim has been asserted, may plead as a counterclaim any claim he has against any opposing party.

"2. Nature of Counterclaim.

"The counterclaimant may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposite party, and need not diminish or defeat the recovery sought by the opposing party.

\* \* \* \* \*

"c. *Additional Parties.*

"When the presence of a party other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or

claims of A–M and SR against him and not merely by way of setoff to the claims of A–M and SR.

There is diversity of citizenship between Fedder on the one hand and A–M and SR on the other, and Fedder's claims against them exceed $10,000.

## Discussion
### Civil No. 11028—The A–M Suit

A–M, the original plaintiff, cannot remove or join in the removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214. SR was brought in as a defendant under Maryland Rule 314 c. There is no controlling authority on the question whether such a defendant can remove, but there are strong arguments in favor of allowing such removal in the ordinary case.

This, however, is not the ordinary case. The original claims of A–M and SR are similar; the defenses thereto are similar; and, as noted above, Fedder's counterclaims against A–M and SR filed in the two actions allege joint and several liability on their part. The two actions should be considered together, especially in view of the fact that SR dismissed its own suit, removed the A–M suit and filed a counterclaim therein. Under those circumstances SR was not entitled to remove the A–M suit, and it should be remanded.

### Civil No. 11028—The SR Suit

For the same reasons, the SR suit should also be remanded. All three parties, as well as the court clerks, treated Fedder's counterclaim as a paper filed in an existing case, and not as a new suit.

I will sign appropriate orders remanding both cases to the Superior Court of Baltimore City.

cross-claim, the court shall order him to be brought in as defendant, if jurisdiction

over him can be obtained, within such time as the order may provide. * * * "