**John W. THORPE, Plaintiff,**

v.

**Robert R. DAUGHERTY, Jr.; Robert R. Daugherty as Guardian ad litem for Robert R. Daugherty, Jr. a minor; Elizabeth Daugherty; Coleman Company, Inc.; and Robert F. Daugherty, Defendants.**

**No. C84–2507A.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 20, 1985.

John E. Ontal, Jack Morse, McCord, Cooper & Kimbrough, Atlanta, Ga., for plaintiff.

Robert R. Daugherty as guardian ad litem for Robert R. Daugherty, Jr., a minor.

Glenn Frick, Lokey & Bowden, Atlanta, Ga., for Elizabeth Daugherty and Coleman Co., Inc.

J. Kenneth Moorman, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendant Robert F. Daugherty.

## ORDER

MOYE, Chief Judge.

The above-styled products liability action is before the Court on the plaintiff's motion to remand this case to the Superior Court

of DeKalb County, Georgia. This action was originally filed in the Superior Court of DeKalb County against Robert R. Daugherty, Jr., Robert R. Daugherty, Sr., and Elizabeth Daugherty (Daugherty defendants) and the defendant nonresident corporation, The Coleman Company, Inc. (Coleman). The plaintiff voluntarily dismissed the action as against the Daugherty defendants, whereupon Coleman removed the case to this Court.

The plaintiff contends that the case was improperly removed because, among other reasons, Coleman failed to give prompt written notice to the Daugherty defendants of its petition for removal. Following the filing of the original complaint, arising out of an injury caused by a BB gun Coleman manufactured, Coleman filed a cross-claim against its co-defendants the Daugherty defendants for any judgment awarded against it. Subsequently, the Daugherty defendants cross-claimed against Coleman, alleging that Coleman should indemnify them for any liability adjudged against them and for contribution, should a judgment be awarded against them. Counsel for the Daugherty defendants, fearing that the cross-claim has not survived owing to Coleman's failure to include them in the removal petition, informed the Court that he intends to file a motion to intervene and, in addition, that he does not object to this Court's exercise of removal jurisdiction. The Daugherty defendants presumably wish this cross-claim to survive because the settlement with the plaintiff is not yet complete.

The plaintiff premises his argument on 28 U.S.C.A. § 1446(e) (West Supp.1984), which provides in pertinent part that "[p]romptly after the filing [of the removal petition] the defendant or defendants shall give written notice thereof to all adverse parties ..." The plaintiff contends that Coleman's failure to notify the Daugherty defendants is in clear violation of the statute. In addition, the plaintiff contends that all defendants must join in the removal petition for it to have validity. Since the Daugherty defendants did not join the petition, it is therefore invalid. The plaintiff

further contends that since the Daugherty defendants are residents of the State of Georgia, removal is improper. The relevant provision prohibits removal if any of the defendants is a citizen of the state in which the action is brought. 28 U.S.C.A. § 1441(b) (West 1974).

The issues before the Court are as follows: (1) is a cross-claimant under these circumstances an "adverse party" for purposes of 28 U.S.C. § 1446(e), and if so, does the defendant's failure to notify him deprive the Court of removal jurisdiction; (2) must this cross-claimant join in the removal petition in order for it to have validity; and (3) does the status of this cross-claimant as a resident and domiciliary of Georgia divest the Court of removal jurisdiction.

■ "Adverse parties" within the meaning of section 1446(e) have been described thus:

This will usually be the plaintiff or plaintiffs. But there may be others, in certain situations. Co-defendants must sometimes be served, as where a defendant removes an action on the basis of a separate claim.... Careful practice dictates written notice to all real parties in interest, who did not join in the removal petition, at least if feasible to give such notice to them.

1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168[.3–8–2] n. 7 (2d ed. 1983). The plaintiff cites no authority for the proposition that the Daugherty defendants are "adverse parties" under the statute. Logically speaking, they are not, because their actual interest is contingent upon Coleman's liability. Indeed, if Coleman is not found liable in this action, their claim would be moot. The plain meaning of the statutory language would suggest that "adverse party" in this context refers to the plaintiff, who was certainly notified. In addition, failure to give such notice is a curable defect, *see id.* ¶ 0.168[3.–1] n. 11 (referring to the legislative history of § 1441(b): " 'this amendment clarifies the intent of section 1446(e) ... to indicate that notice need not be given simultaneously

with the filing, but may be given promptly thereafter' "), rather than a condition precedent to jurisdiction. It is also probable that this defect falls in the category of waivable procedural irregularities, *see id.* ¶ 0.157[11.–4], and that only the Daugherty defendants could raise such an objection to this Court's exercise of jurisdiction. Certainly, a writing would only be formality at this stage anyway, since notice has obviously been achieved. In any event, this Court holds that the Daugherty defendants are not "adverse parties" within the meaning of section 1446(e), and therefore written notice to the Daugherty defendants was not essential to removal of this action.

■ The plaintiff also contends that the Daugherty defendants, as properly served and joined defendants to his complaint, ought to have joined in the petition for removal with Coleman pursuant to the requirement of section 1446(a). The general principle has been stated thus: "Before the plaintiff's choice of the state forum can be avoided, unanimity among all parties *substantively entitled to remove* is required." *Id.* ¶ 0.168[3.–2–2], at 549 (emphasis added). Are the Daugherty defendants "substantively entitled to remove" on the basis of their cross-claim? The short answer is no.

It would also seem proper to hold that a cross-claim defendant is not a defendant as that term is used in § 1441. The Supreme Court in the *Shamrock* decision held that a plaintiff who was a 'defendant' to a counter-claim could not remove. And we believe the *ratio decidendi* of the case fully applies to cross-claim defendants.... And this view fully comports with the firmly embedded principle to construe narrowly the right of removal.

*Id.* ¶ 0.167[9], at 506–07 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). By this reasoning, if a cross-claim defendant could not himself remove the action, then he is not required to join in a petition for removal under the removal provisions.

■ Finally, the plaintiff contends that the Court lacks jurisdiction because the inclusion of the Daugherty defendants destroys complete diversity of all parties. It is well established that claims brought pursuant to Federal Rule of Civil Procedure 13(g) fall within the Court's ancillary subject matter jurisdiction, 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1433 (1971); thus, the presence of the Daugherty defendants in this case does not destroy the Court's removal jurisdiction.

For the foregoing reasons, the plaintiff's motion to remand is DENIED.