NEW WORLD TECHNOLOGIES, INC., Plaintiffs,

v.

COMY TECHNOLOGY, INC., Inex Technologies, Inc. and Naewae Semiconductor Co., Ltd., Defendants.

Civ. No. 94–11131–JLT.

United States District Court, D. Massachusetts.

Jan. 26, 1995.

Howard M. Cooper, Todd & Weld, Boston, MA, for plaintiff.

Dana L. Mason, Hargraves, Karb, Wilcox & Galvani, Framingham, MA, for defendants.

**3.** Coercion that does not constitute a complete defense may nevertheless warrant a downward departure. U.S.S.G. § 5K2.12.

## MEMORANDUM

TAURO, Chief Judge.

Presently before the court is Plaintiff's Motion to Remand. Plaintiff originally filed this case in state court. Defendant Naewae Semiconductor Co., Ltd., with the approval of the other defendants, removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1446. Plaintiff contends that the petition for removal was late.

### I.

### Background

In January of 1994, Plaintiff filed papers in the Superior Court of the Commonwealth of Massachusetts alleging a variety of claims against the defendants. Plaintiff promptly served an original summons and a copy of the complaint on Defendants Comy Technology, Inc. ("Comy") and Inex Technologies, Inc. ("Inex"). Service on Naewae Semiconductor Co., Ltd. ("Naewae") proved more difficult as that company is located in South Korea.[1]

Plaintiff hired a South Korean law firm to serve the summons and complaint on Naewae. On April 15, 1994, an attorney from that firm served a copy of the complaint and summons upon the marketing director of Naewae.[2] Because of questions concerning the sufficiency of service, on May 3, 1994, the South Korean firm served another copy of the summons and complaint on Shin Ran Lee, who accepted the papers "on behalf of and as the authorized agent of Mr. C.H. Chung, president of NAEWAE Semiconductors Co., Ltd." Finally, on May 10, 1994, Mr. Chung, president of Naewae, personally received a copy of the complaint.

On May 13, 1994, at the request of Plaintiff, parties held a status conference at Middlesex Superior Court concerning the sufficiency of service. At that conference, the parties stipulated that May 13, 1994 would be the date on which service of process was perfected as to Naewae. On June 7, 1994, Naewae filed a petition to remove the case to federal court.

### II.

### Analysis

At the inception, this case was removable pursuant to 28 U.S.C. § 1332 because it had complete diversity of citizenship between the plaintiff and defendants. The removal statute, 28 U.S.C. § 1446, however, states that "[t]he notice of removal ... shall be filed within thirty days after the *receipt by the defendant, through service or otherwise, of a copy of the initial pleading.*" 28 U.S.C. § 1446(b) (emphasis added). Plaintiff argues that the petition was late, because Naewae received a copy of the complaint on May 3, 1994, when the president's agent accepted the papers. The defendant argues that the thirty day period runs from May 13, 1994, the stipulated date of service.

The statute itself designates the "receipt" of the initial pleading as the start of the thirty day period. It specifically states that the receipt may be by "service of process or otherwise." 28 U.S.C. § 1446(b). "It is sufficient that the notice of the lawsuit be received by anyone authorized to accept process for the defendant." 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3732 at 513–15. "Accordingly, it is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process. Technicalities of state law as to the completion of service of process are ignored...." *Id.* at 516. Finally, "construing the statute as not requiring perfected service is consistent with that well established principle the the removal statute is to be construed narrowly and against removal." *Id.* at 340 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1914)).

---

1. Plaintiff had entered into contracts with Naewae to supply computers and related products through Comy and Inex. Plaintiff alleges that Naewae is the parent company of the other two defendants. All three defendants are represented by the same attorney.

2. Plaintiff asserts that this service is sufficient under South Korean law. *See* Fed.R.Civ.P. 4(h).

The district courts are split over whether the thirty day period begins upon proper service or upon the receipt of the complaint. *See Schwartz Bros., Inc. v. Striped Horse Records, et. al.,* 745 F.Supp. 338, 339–40 (D.Md.1990) (listing cases for both propositions). The modern trend, however, holds that "so long as the defendant receives actual notice of the substance of the litigation, proper service need not be effectuated for the thirty day clock of § 1446(b) to start." *Schwartz Bros.,* 745 F.Supp. at 340. The facts in the present case mirror those in *Schwartz Bros.* In that case, the plaintiff attempted to serve the defendant, a resident of Italy, in the summer of 1989. On November 24, 1989, the defendant moved to quash service. The court granted the motion with leave to re-serve. When, after re-service, the defendant petitioned for removal, the court held that the thirty day period had begun with the original, though faulty, service in 1989. *Id.* at 341.

The statute was written to ensure that defendants had thirty days to petition for removal from the time they received a copy of the complaint, regardless of whether service could be perfected by receipt of a summons beforehand. *Cf. Ardison v. Villa,* 248 F.2d 226, 227 (10th Cir.1957). The court believes that this concern has been properly addressed. When Naewae received the complaint it had all the information necessary to ascertain the removability of the case. *See Schwartz Bros.,* 745 F.Supp. at 339. Moreover, there is no doubt that Naewae's subsidiaries and co-defendants were properly served well before the present events. The same attorney has been representing all three defendants and had engaged in substantial discovery in state court prior to removal. Naewae and its attorneys had ample notice to file the petition for removal.

The court finds, therefore, that the thirty period within which Naewae could petition for removal began, at the latest, on May 3, 1994, when a copy of the complaint and summons was received by Naewae's agent. Naewae's petition for removal, filed on June 7, 1994, was, therefore, late. Pursuant to § 1447(c), the court will remand this case to the Middlesex County Superior Court.

Finding, however, that the removal petition was made in good faith, the court declines to impose costs on Naewae pursuant to § 1447(c).

### III.

*Conclusion*

For the foregoing reasons, Plaintiff's Motion to Remand is ALLOWED.

### ORDER

For the reasons stated in the accompanying Memorandum, Plaintiff's Motion to Remand is ALLOWED. Each party shall bear its own costs.

IT IS SO ORDERED.