Dale F. COOK, Sr., Plaintiff–Appellant,

v.

Garland LANKFORD, County Executive; Cherokee Memorial Park; Tennessee Valley Authority; Dan Fisher, individually and in official capacity; Lee Carter, individually and in official capacity; TRC Garrow & Associates; Tennessee Wildlife Resources Agency, Defendants–Appellees.

No. 00–5413.

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

This pro se federal litigant appeals a district court judgment denying his motion filed pursuant to Fed.R.Civ.P. 59(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking to enjoin the development of a Cherokee National Park, Dale F. Cook Sr. filed suit in the Chancery Court of Meigs County, Tennessee. Cook named the Meigs County Executive (Garland Lankford) as the defendant. Thereafter, Cook filed an amended complaint in the Meigs County Chancery Court joining several additional defendants including the Tennessee Valley Authority (TVA) and two TVA employees (Dan Fisher and Lee Carter). Cook, the plaintiff in the state court action, also filed a notice of removal in the United States District Court for the Eastern District of Tennessee.

On January 14, 2000, the district court remanded this proceeding to the Chancery Court of Meigs County pursuant to 28 U.S.C. § 1447(c), on the ground that a plaintiff has no right to remove a civil action from state court to federal district court. Title 28 U.S.C. § 1441(a) provides that an action may be removed only by the defendant or defendants. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Cook moved under Fed.R.Civ.P. 59(e) to alter or amend the order of remand and moved under Fed.R.Civ.P. 55 for default judgment against TVA, Dan Fisher and Lee Carter. The district court denied Cook's Rule 59 motion for lack of jurisdiction and because the motion was based on a false factual premise which rendered the motion frivolous. The district court denied Cook's Rule 55 motion as moot. Cook appeals that judgment.

In his timely appeal, Cook essentially reasserts the arguments that he set forth in the district court.

We review de novo the district court's dismissal of claims for lack of subject matter jurisdiction. *Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir.1995).

Upon review, we conclude that the district court did not err in denying Cook's Rule 59(e) motion to alter or amend. On January 14, 2000, the district court entered its order remanding the case to the Chancery Court of Meigs County pursuant to 28 U.S.C. § 1447(c). The remand order was filed with the Clerk and Master of the Chancery Court of Meigs County on January 18, 2000. A remand to state court pursuant to § 1447(c) divests the federal district court of jurisdiction, *see Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 531 and n. 1 (6th Cir.1999), *cert. denied,* 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000), and an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. *See* 28 U.S.C. § 1447(d); *Brierly,* 184 F.3d at 531 and n. 1. Cook did not file his Rule 59(e) motion to alter or amend until January 24, 2000, after the case had already been remanded.

Similarly, the district court did not err in denying Cook's Rule 55 motion for entry of default judgment as moot because the case had been remanded to the Chancery Court of Meigs County, and there was no case pending before the district court upon which a default judgment could be entered. *See Brierly,* 184 F.3d at 531 and n. 1.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for

the reasons set forth in the district court's memorandum and order of March 2, 2000.