IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-11408
Summary Calendar

JAY SANDON COOPER

Plaintiff-Appellant

v.

CITY OF PLANO, TEXAS; THOMAS H MUEHLENBECK, City Manager;
CITY OF PLANO PLANNING AND ZONING COMMISSION; CITY OF
PLANO CITY COUNCIL; CYNTHIA O'BANNER; ROXANNE LUNA;
MACKLIN WRIGHT; CITY OF PLANO PROPERTY STANDARDS
DEPARTMENT

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2065

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:[*]

Jan Sandon Cooper appeals the district court's remand order. The district
court remanded because neither 28 U.S.C. § 1441 nor 42 U.S.C. § 1443
authorizes removal of a case to federal court by a plaintiff. A plaintiff may not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

remove an action from state court to federal district court. 28 U.S.C. § 1441(a); see also McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982) (citing § 1441(a); Chicago, Rock Island & Peoria Railroad Co. v. Stude, 346 U.S. 574, 580 (1954); and Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).[1]

AFFIRMED.

---

[1] See also Wright, Miller & Cooper, 14C, Federal Practice and Procedure: Jurisdiction 3d § 3731 at 251 ("The question of which parties may exercise the statutory right of removal has been answered by Congress. Section 1446(a) of Title 28 authorizes removal only by the state court defendants . . .").