**GABLES INSURANCE RECOVERY, INC., Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Defendant.**

Case No. 14–cv–24098–UU.

United States District Court, S.D. Florida.

Filed Jan. 5, 2015.

Signed Jan. 6, 2015.

Robert Nelson Pelier, Coral Gables, FL, Thomas Richard Poole, Gables Insurance Recovery, Inc., Miami, FL, for Plaintiff.

Jeffrey T. Kuntz, Daniel Alter, GrayRobinson, PA, Fort Lauderdale, FL, for Defendant.

## OMNIBUS ORDER

URSULA UNGARO, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand to State Court, (D.E. 11), and Defendant's Motion to Dismiss, (D.E. 4). Both motions have been fully briefed and are ripe for determination.

THE COURT has considered the motions and the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion to Remand.

## BACKGROUND

This is one of several cases filed by Plaintiff against a number of insurance companies regarding reimbursement for the cost of medical services provided. This suit is based on medical services provided by South Miami Chiropractic LLC ("SMC") to Carlos Tabuenca, who was enrolled in a health insurance plan issued by Defendant, which Defendant contends is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). According to the Complaint, SMC contacted Defendant to verify coverage prior to providing any medical services. D.E. 1–2 ¶ 20. After rendering such services, SMC submitted a bill to Defendant for reimbursement. *Id.* at ¶¶ 21–22.

Plaintiff alleges that Defendant has failed to make payment in any amount for the medical services provided by SMC and that SMC has assigned to Plaintiff the right to pursue all available causes of action against Defendant. *Id.* at ¶¶ 23, 25.

As with its other suits, Plaintiff initially filed its Complaint in state court, bringing claims of breach of contract, breach of an oral agreement, breach of implied contract, quantum meruit, open account and account stated. D.E. 1–2; *see e.g., Gables Ins. Recovery v. Unitedhealthcare Ins. Co.,* 1:14–cv–21157–CMA, D.E. 1–2. Defendant removed this action to federal court, alleging that ERISA provides federal question jurisdiction under the doctrine of complete preemption. D.E. 1.

On November 10, 2014, Defendant moved to dismiss, arguing that Plaintiff's claims are preempted by ERISA and that Plaintiff has failed to adequately allege exhaustion of the administrative remedies provided for by the ERISA plan at issue. D.E. 4. On November 24, 2014, Plaintiff moved to remand this action to state court, arguing that complete preemption does not apply such that the Court lacks federal question jurisdiction. D.E. 11.

## DISCUSSION

### I. ERISA Preemption and Federal Jurisdiction

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendant states that removal is proper because this Court has original federal question jurisdiction under 28 U.S.C. § 1331. D.E. 1 ¶ 4. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). "[A] federal court always has jurisdiction to determine its own jurisdiction." *United*

*States v. Ruiz,* 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (citing *United States v. Mine Workers,* 330 U.S. 258, 291, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). Courts must strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (11th Cir.2009). "Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 1344 (internal quotations and citations omitted). The Court determines whether it has jurisdiction based on the original complaint entered at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb,* 660 F.3d 1283, 1287 (11th Cir.2011).

The Supreme Court has set forth a two part test to determine whether a plaintiff's claims are completely preempted by ERISA. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). The *Davila* test "requires two inquiries: (1) whether the

plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Conn. State Dental,* 591 F.3d at 1345. Both prongs of this test must be satisfied for complete preemption to exist. *Gonzalez v. Wells Fargo Bank, N.A.,* No. 12–80937–CIV, 2013 WL 5435789, at *10 (S.D.Fla. Sept. 27, 2013).

## A. Whether Plaintiff Could Have Brought Its Claims Under § 502(a)

For Plaintiff to have been able to bring its claims under § 502(a), two requirements must be met: "(1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Conn. State Dental,* 591 F.3d at 1350.

### 1. Scope

Medical providers can bring two types of claims against insurers: "those challenging the 'rate of payment' pursuant to the provider-insurer agreement, and those challenging the 'right to payment' under the terms of an ERISA beneficiary's plan." *Borrero v. United Healthcare of N.Y., Inc.,* 610 F.3d 1296, 1302 (11th Cir.2010). A "rate of payment" claim does not necessarily implicate an ERISA plan, but a "right to payment" claim does. *Id.* Hybrid claims that challenge both the right to payment and rate of payment fall within the scope of ERISA. *Conn. State Dental,* 591 F.3d at 1351.

In its Complaint, Plaintiff alleges that "[n]either Plaintiff nor [SMC] has received payment for the medical services provided to the patient and the Defendant has not made payment, explained or justified the reason for its non-payment." D.E. 1–2 ¶ 23. Accordingly, Plaintiff's claim is either a hybrid claim, or solely a right to payment claim. Either of these claims fall

within the scope of ERISA. *See Conn. State Dental,* 591 F.3d at 1350–51.

### 2. Standing

A "participant or beneficiary" may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Typically, healthcare providers are not considered beneficiaries or participants under ERISA and "thus lack standing to sue under the statute." *Borrero,* 610 F.3d at 1301–02. "Healthcare providers may have standing under ERISA only when they derivatively assert rights of their patients as beneficiaries of an ERISA plan." *Id.* at 1302. "To sue derivatively, the provider must have obtained a written assignment of claims from a patient with standing to sue under ERISA." *Id.*

Plaintiff alleges that neither it nor SMC is an ERISA plan participant or beneficiary, and that it is not pursuing any claim founded upon any ERISA rights originating from the insured. D.E. 1–2 ¶¶ 4–6. However, the evidence on the record shows that SMC received an assignment of benefits from Carlos Tabuenca for the medical services provided to Mr. Tabuenca by SMC; in the claim form SMC submitted to Defendant, it indicated that it had received an assignment of benefits from the patient. D.E. 1–3 ¶¶ 6–8; D.E. 1–5.[1] The Eleventh Circuit has previously held that similar evidence is sufficient to show an assignment of benefits. *Conn. State Dental Ass'n,* 591 F.3d at 1351 ("Anthem contends that these claim forms suffice to show an assignment of benefits by Rutt's and Egan's patients. We agree."). Plaintiff's attempts to circumvent ERISA have been rejected in numerous other cases, including cases brought by Plaintiff based on identical operative facts. *See Gables Ins. Recovery v. United Healthcare,* 39 F.Supp.3d 1377, 1387 (S.D.Fla. 2013) ("GIR disingenuously attempts to undermine its own standing to sue by asserting it 'does not and has not asserted such derivative rights by and through an assignment.' (Reply 5). This repudiation of assignment of rights is plainly controverted by GIR's own Complaint.... Moreover, if GIR did not have standing to sue, it could not recover the payment it seeks in the present lawsuit."); *see also La Ley Recovery Systems–OB, Inc. v. Blue Cross & Blue Shield of Florida, Inc.,* No. 14–23805–CIV, 2014 WL 5524153, at *3 (S.D.Fla. Oct. 31, 2014). Accordingly, Plaintiff could have brought its claims under § 502(a) of ERISA.

### B. Whether No Other Legal Duty Supports Plaintiff's Claim

The Court must next determine whether Plaintiff is suing Defendant based on an independent legal duty that is separate from the ERISA plan. Plaintiff alleges that it is basing its claims on duties owed directly to SMC as a medical provider, and not based on any duties owed under an ERISA plan. D.E. 1–2 ¶ 5.

---

1. "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997). Plaintiff refers to the bills SMC submitted to Defendant in its Complaint, and bases its claims on the premise that these bills were not paid by Defendant. D.E. 1–2 ¶ 22. Accordingly, these claim forms are referred to in Plaintiff's Complaint and are central to its claims.

 "If a party is suing under obligations created by the plan itself, instead of under obligations independent of the plan and the plan member, the alleged obligations implicate legal duties which are not entirely independent of ERISA, and thus are subject to complete preemption." *Gables Ins. Recovery,* 39 F.Supp.3d at 1388 (internal quotations and citations omitted). "[A]ny determination of benefits under the terms of a plan—i.e., what is 'medically necessary' or a 'Covered Service'—does fall within ERISA." *Lone Star OB/GYN Assocs. v. Aetna Health Inc.,* 579 F.3d 525, 531 (5th Cir.2009). "If the right to payment derives from the ERISA benefit plan as opposed to another independent obligation, the resolution of a right to payment dispute requires an interpretation of the plan.... Thus, any determination of benefits under the terms of an ERISA plan, even regarding a seeming independent breach of oral or implied contract based on verification of those benefits, falls under ERISA and is a legal duty dependent on, not independent of, the ERISA plan." *Gables Ins. Recovery,* 39 F.Supp.3d at 1388 (internal citations omitted).

Despite Plaintiff's allegations to the contrary, its claims are based on interpreting the ERISA plan and determining whether SMC's services fall within the plan's coverage. *See* D.E. 1–2 ¶¶ 2, 21 ("This action arises out of the Insurer's breach of its common law duties under the applicable health insurance contract.... [SMC] rendered health care services that were reasonable and medically necessary and otherwise in furtherance and for the benefit of the patient/insured."). As such, both prongs of *Davila* are met, and Plaintiff's Complaint is subject to complete preemption by ERISA. Plaintiff's Motion to Re-

mand must therefore be denied because federal question jurisdiction exists.

### II. Administrative Remedies

 "The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997). "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*

Here, Plaintiff fails to allege that it exhausted all administrative remedies. *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.,* 57 F.3d 1040, 1042 n. 2 (11th Cir.1995) ("We agree with the district court that [the plaintiff's allegation] that it had complied with 'all conditions precedent' ... does not address the exhaustion requirement."). Plaintiff does not dispute this point, but instead argues that it need not exhaust administrative remedies because this action is not governed by ERISA. D.E. 10 at 18. But having found that Plaintiff's Complaint is governed by ERISA, this action must be dismissed so that Plaintiff may pursue administrative remedies.[2]

### CONCLUSION

For the foregoing reasons it is

---

2. The ERISA plan at issue provides for an internal appeals process. D.E. 1–4 at 169– 170.

ORDERED AND ADJUDGED that Defendant's Motion, D.E. 4, is GRANTED. Plaintiff's Complaint, D.E. 1–2, is DISMISSED WITHOUT PREJUDICE to allow Plaintiff to pursue its administrative remedies under ERISA. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand, D.E. 11, is DENIED. Plaintiff's Motion for Leave to file an Amended Reply in Support of its Motion to Remand, (D.E. 16), is GRANTED and the Court considered the Proposed Amended Reply, (D.E. 16–1), in ruling on Plaintiff's Motion to Remand.

DONE AND ORDERED.