**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASAP COPY AND PRINT; ALI TAZHIBI, DBA ASAP Copy Print; NINA R. RINGGOLD, Esq.; LAW OFFICES OF NINA RINGGOLD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CANON BUSINESS SOLUTIONS, INC.; DORSEY & WHITNEY LLP; CANON FINANCIAL SERVICES, INC.; GENERAL ELECTRIC CAPITAL CORPORATION; HEMAR ROUSSO & HEALD, LLP, <br><br> Defendants - Appellees. | No. 13-55307 <br><br> D.C. No. 2:12-cv-10165-ABC-PJW <br><br><br> MEMORANDUM* |
| ASAP COPY AND PRINT; ALI TAZHIBI, DBA ASAP Copy Print; NINA RINGGOLD, Esq.; LAW OFFICES OF NINA RINGGOLD, <br><br> Plaintiffs - Appellants, <br><br> v. | No. 13-55803 <br><br> D.C. No. 2:12-cv-10165-ABC-PJW |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CANON BUSINESS SOLUTIONS, INC.;
CANON FINANCIAL SERVICES, INC.;
GENERAL ELECTRIC CAPITAL
CORPORATION; HEMAR ROUSSO &
HEALD, LLP,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted March 8, 2016[**]
Pasadena, California

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

The plaintiffs, ASAP Copy and Print and Ali Tazhibi (collectively "ASAP"), and their attorney, Nina Ringgold, appeal the district court's orders remanding ASAP's lawsuit to state court for lack of jurisdiction and sanctioning Ringgold. The plaintiffs and Ringgold further assert that the district court judge should have

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

recused herself due to a conflict of interest. We have jurisdiction pursuant to 28 U.S.C. § 1447(d) and § 1291. We affirm the district court in full.[1]

**1.** We affirm the district court's order remanding the plaintiffs' case back to state court. 28 U.S.C. § 1443, like other federal removal statutes, permits removal only by *defendants* in state court actions. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941). Here, it is indisputable that ASAP was the plaintiff in the state lawsuit at issue. Nonetheless, ASAP and Ringgold make a number of inventive and frivolous arguments as to why they should be considered de facto defendants for removal purposes. No authority, however, supports the proposition that a plaintiff or non–party in a state action may be transformed into a defendant for purposes of removal simply because an adverse ruling is issued against him or her. *See id.* at 104-07.

Even if ASAP and Ringgold were defendants empowered to remove the state case, the district court correctly concluded that 28 U.S.C. § 1443 (1) and (2) failed to provide removal jurisdiction. Under §1443(1), a defendant must show that

[1] We also grant the parties' motions for judicial notice to the extent that they are compatible with Federal Rule of Evidence 201 and "do[] not require the acceptance of facts subject to reasonable dispute." *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1190 n.1 (9th Cir. 2013) (quoting *California ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003)).

3

she "is denied or cannot enforce" certain federal civil rights in state courts. *See also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). ASAP and Ringgold do not make that showing. Removal under §1443(2), meanwhile, is only available if the defendant is a state or federal officer or a person assisting such an officer. *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966). The district court correctly concluded that ASAP and Ringgold are not officers and were not assisting officers within the meaning of the statute.

Finally, ASAP and Ringgold's notice of removal was also untimely because it was filed more than 30 days after their receipt of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case" has become removable. 28 U.S.C. § 1446(b)(3).[2]

**2.** We affirm the district court's imposition of sanctions against Ringgold under Federal Rule of Civil Procedure 11. After the district court concluded that Ringgold's arguments in favor of removal were frivolous, Ringgold repeated many of those same arguments in her motion to vacate the district court's remand order. The district court did not abuse its discretion in awarding one of the defendants

---

[2] Further, we affirm the district court's denial of the plaintiffs' motion to vacate the remand order. Because we affirm the remand order, we also affirm the district court's order denying Ringgold's request for disability accommodations as moot.

attorney's fees for the time it spent opposing the motion to vacate. *See* Fed. R. Civ. P. 11(b)(1), (b)(2), (c); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

**3.**     Finally, we conclude that the district judge did not abuse her discretion in failing to recuse herself from the case. Under 28 U.S.C. § 455(a), a judge must recuse herself in any proceeding in which her impartiality is compromised. *See United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The determinative question is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (quoting *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005)). ASAP and Ringgold have not shown that a reasonable person would believe that the judge in this case had any personal bias or improper motive to rule against them.

**AFFIRMED.**