# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WELLS FARGO BANK, N.A., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-2381 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| ZENOBIA WILSON, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION TO REMAND

## I.  INTRODUCTION

After a judgment from the Superior Court for the District of Columbia ordering the foreclosure sale of her home, Defendant Zenobia Wilson removed this case to this Court on October 16, 2018, alleging diversity jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1331.  Plaintiff Wells Fargo Bank, N.A. moves to remand the case to the Superior Court for the District of Columbia on a number of grounds, including, as relevant here, untimeliness and lack of subject matter jurisdiction.  Because this Court finds that Wilson's notice of removal was untimely and that it lacks subject matter jurisdiction over Wells Fargo's claims, the Court grants the motion to remand.

## II.  BACKGROUND

In January 2007, Defendant Zenobia Wilson ("Wilson") obtained a $250,000 loan from World Savings Bank FSB ("World Savings") and executed a promissory note with World Savings identifying property located at 2651 Myrtle Ave, NE, Washington, DC (the "property") as the collateral securing the loan.  *See* Compl. at 2, Notice of Removal Ex. 1 at 6, ECF No. 1-1.

1

Plaintiff Wells Fargo Bank, N.A. ("WFB") is the successor in interest to World Savings, and the current holder of the Note and beneficiary of the Deed of Trust. *Id.*

After Wilson defaulted on her mortgage in March of 2017, WFB began a foreclosure action in D.C. Superior Court in September 2017.[1] *Id.* at 1; *see also* Docket, *Wells Fargo Bank v. Wilson*, No. 2017 CA 006164 R(RP) (D.C. Super. Ct.).  On September 1, 2018, the D.C. Superior Court granted summary judgment in WFB's favor and issued a decree of sale for the property.  Order Granting Pl.'s Mot. Summ. J. at 1, *Wilson*, No. 2017 CA 006164 R(RP) (D.C. Super. Ct. Sept. 1, 2018).  Wilson filed her Notice of Removal with this Court on October 16, 2018 on the grounds of diversity jurisdiction and federal question jurisdiction.  *See* Wilson Notice of Removal at 2, ECF No. 1; Wilson Civil Cover Sheet at 1, ECF No. 1-2.  WFB filed a Motion to Remand on October 19, 2018.  WFB's Mem. Supp. Mot. Remand at 1, ECF No. 2-1.

### III.  LEGAL STANDARD

Generally, a defendant in a civil action brought in state court may remove the action to a federal district court if the action is one over which the federal district courts have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  The Superior Court for the District of Columbia is considered a state court for this purpose.  *See id.* § 1451(1).  The D.C. Circuit has explained, however, that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case."  *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)) (emphasis added).  Because removal implicates federalism concerns, the court "strictly construes the scope of its removal jurisdiction."  *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30

---

[1] The Court is free to take judicial notice of the docket for the D.C. Superior Court case.  *See, e.g.*, *Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings[.]" (citing *Covad Commc'ns Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005))).

(D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)) (other citations omitted). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Id.* at 30 (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994)) (other citations omitted); *see also Reed v. AlliedBarton Sec. Servs., LLC*, 583 F. Supp. 2d 92, 93 (D.D.C. 2008).

Federal courts may exercise diversity jurisdiction over civil cases where the matter in controversy exceeds $75,000 and both parties are citizens of different states. 28 U.S.C. § 1332(a)(1). However, removal based on diversity jurisdiction is improper where one of the defendants is a citizen of the state where the action is brought. *Id.* § 1441(b)(2).

Federal courts may also exercise federal question jurisdiction when a matter arises out of the Constitution or laws of the United States. *Id.* § 1331. "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank,* 299 U.S. 109, 112 (1936). The cause of action must be plainly stated on the face of the complaint. *Id.* at 113. If the complaint does not present an action that arises under federal law, removal based on federal question is improper. *See* 28 U.S.C. § 1441(c)(A).

### IV. ANALYSIS

WFB has moved to remand this case on a number of grounds, including untimeliness and subject matter jurisdiction. First, the Court finds that removal was untimely pursuant to 28 U.S.C. § 1446(b)(1). Second, the Court finds that, regardless of the timeliness of removal, it lacks subject matter jurisdiction either based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2) or federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the Court grants the motion to remand.

## A. Untimeliness

As an initial matter, the Court finds that Wilson's motion to remand is untimely. 28 U.S.C. § 1446(b)(1) requires a party seeking removal to file a notice of removal within 30 days after receipt of the complaint. 28 U.S.C. § 1446(b)(1). WFB served Wilson on October 30, 2017. WFB's Mot. Remand Ex. 2 at 1, ECF No. 2-4. Wilson appeared and extensively litigated the case, further proving her receipt of the Complaint. *See., e.g.*, Wilson's Countercl., *Wells Fargo Bank v. Wilson,* No. 2017 CA 006164 R(RP) (D.C. Super. Ct. Dec. 6, 2017). She filed this motion to remove almost a year later, on October 16, 2018. Wilson Notice of Removal at 1. WFB argues that removal is procedurally barred because Wilson filed her motion a year after she was served with the complaint. WFB's Mem. Supp. at 3. The Court agrees, and finds that removal is procedurally barred by 28 U.S.C. § 1446(b)(1).

## B. Subject Matter Jurisdiction

Even if removal was timely, the Court finds that this case must be remanded for lack of subject matter jurisdiction because the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2) and no federal question is raised on the face of the Complaint.

First, the Court lacks diversity jurisdiction over WFB's complaint. Wilson removed this case on the grounds of diversity jurisdiction, claiming that "[t]he Plaintiff is operating in bad faith on Deed of Trust dated on January 10, 2007 for World Saving, Bank FSB, who is a citizen of the State of California . . . and [] Defendant Zenobia Wilson who[] is a citizen of the District of Columbia." Wilson Notice of Removal at 2. She further argues that the amount in controversy exceeds $75,000 and that "the Plaintiffs failed to make claim in the proper venue and a securitization audit disclose[d] even a greater amount in controversy." *Id.* at 3. But "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this

title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "The term 'State court' includes the Superior Court of the District of Columbia." *Id.* § 1451(1). Wilson is a citizen of the District of Columbia, Compl. at 1; Notice of Removal at 2, and WFB originally brought this case in D.C. Superior Court on September 7, 2017, Compl. at 1. Therefore, removal based on diversity jurisdiction is improper.

Second, to the extent Wilson argues as much, the Court finds that it lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331 because no federal question is raised on the face of the complaint. In the notice of removal, Wilson briefly mentions that U.S. district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States." Wilson Notice of Removal at 3 (citing 28 U.S.C. § 1331). However, Wilson fails to indicate what federal law is implicated by this case. *See generally* Wilson Notice of Removal. The Complaint itself identifies D.C. Code § 42-816 as the sole source for WFB's foreclosure claim. *See* Compl. at 1. Because no federal question is raised on the face of the complaint, removal based on federal question jurisdiction is improper.

## V. CONCLUSION

For the foregoing reasons, the filed motion to remand is **GRANTED**. This Court remands this case to the Superior Court for the District of Columbia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: January 28, 2019                                    RUDOLPH CONTRERAS

United States District Judge