**CONCILIO EVANGELICO DE PUERTO RICO,**
**Plaintiffs,**

v.

**Omar NEGRON, et al., Defendants.**

**No. 01–1895 JAG.**

United States District Court,
D. Puerto Rico.

Nov. 29, 2001.

**50**

Eduardo R. Estades, Old San Juan, PR, Eduardo Morales–Coll, San Juan, PR, for Plaintiff.

Francisco Rebollo–Casalduc, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Concilio Evangélico de Puerto Rico ("Concilio") brought suit in the Court of First Instance of Puerto Rico, San Juan Superior Division ("the Puerto Rico Court") against three "unknown defendants," claiming that they committed several violations in a parcel of land commonly known as the "Loma de los Vientos" in Old San Juan. Five days after the Concilio filed its Complaint, Omar Negrón ("Negrón"), a person claiming to be one of the "unknown defendants," filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a). Negrón alleged that the Complaint presented a federal question and could therefore be removed to federal court. Concilio filed a motion to remand the case to Puerto Rico Court, arguing that the Complaint raised only Puerto Rico law claims and that Negrón lacked standing to seek removal. The Court finds that Negrón is not a "defendant" under 28 U.S.C.

§ 1441(a) and, therefore, remands this case to the Puerto Rico Court.

## FACTUAL BACKGROUND

On June 28, 2001, Concilio filed suit in the Puerto Rico Court, alleging that it had legally acquired possession and the necessary permits to build a chapel on a parcel of land commonly known as the "Loma de los Vientos," located in front of the Capitol Building in Old San Juan. Concilio alleged that on June 28, 2001, a group of "unidentified persons" went to the area near the chapel, lowered a Vieques flag that was flying on a flagpole located in front of the chapel, raised the United States flag in place of the Vieques flag, and took unauthorized possession of the area. (Complaint, ¶ 5.) Concilio further alleged that certain "unknown defendants" validated the illegal actions committed by the "unidentified persons." (*Id.,* ¶ 6.) Concilio asked the Court to allow Concilio to reclaim possession of the flag and the chapel, and to order the defendants to leave the premises.[1]

On July 3, 2001, Negrón filed a "Notice of Removal" (Docket No. 1), alleging that he was one of the "unknown defendants" mentioned in the Complaint. Negrón argued that the Complaint's allegations of free speech and association violations were "inherently federal in nature," thereby warranting removal to federal court. On July 20, 2001, Concilio filed a "Motion for Remand" (Docket No. 8). Concilio argued that Negrón lacked standing to seek removal because the Complaint did not name him as one of the "unknown defendants" charged with violating Concilio's rights. (*Id.* at 4–5). Concilio further argued that its claimed constitutional violations involved the Puerto Rico Constitution, not

---

**1.** Concilio also sought a temporary restraining order, which the Superior Court granted

on June 28, 2001.

the Federal Constitution, and thus made removal improper. (*Id.* at 12).

On August 16, 2001, Negrón filed an opposition to Concilio's Motion for Remand. (Docket No. 14). He alleged that since the defendants described in the Complaint were "unknown," Concilio could not dispute that Negrón was, in fact, one of the defendants. Negrón maintained that he had voluntarily submitted himself to the jurisdiction of the Court, and thus was entitled to seek removal. Lastly, Negrón argued that Concilio had not served any of the unnamed defendants, "even though their identities are publicly known." (*Id.* at 3).

On October 26, 2001, the Court issued an order, prompted by Concilio's statement that "the only remaining issue" in the case involved the recovery of the flag mast. The Court ordered the parties to inform whether the case still presented a live case or controversy for resolution. (Docket No. 16). Both sides replied that there was still a live case or controversy, albeit for different reasons. Accordingly, the Court will address the parties' motions and resolve the removal question.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)(emphasis supplied). The removal notice "shall be filed within thirty days after receipt by the defendant, through service of

otherwise, of a copy of the [Complaint]." 28 U.S.C. 1446(b).

Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *See, e.g., Danca v. Private Health Care Systems,* 185 F.3d 1, 4 (1st Cir.1999) (*citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4,* 132 F.3d 824, 831 (1st Cir.1997)). Removal statutes are strictly construed against removal. *See University of Rhode Island v. A.W. Chesterton Co.,* 2 F.3d 1200, 1202 (1st Cir.1993) (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994).

Here, Concilio filed suit against three fictitious defendants, "Fulano, Mengano y Sutano de Tal." Since Negrón was one of the persons involved in the flag-lowering and flag-raising incidents, he apparently decided that he was one of the three "unknown defendants." Concilio challenges Negrón's self-styled identification as a putative defendant, and states that the Complaint drew a clear distinction between "unidentified persons" (those who lowered the Vieques flag and raised the United States flag) and "unknown defendants" (those who validated the unidentified persons's actions). Concilio claims that Negrón belongs to the former group, but not the latter. Because Negrón is not a defendant in the case, Concilio says, he has no

standing to seek removal.[2]

■ This case presents an unusual question: is Negrón a "defendant" under 28 U.S.C. § 1441(a)? The answer to that question is crucial, for only a defendant may properly remove a case to federal court. *See* 28 U.S.C. § 1441(a). As noted above, Negrón bears the burden of proving federal jurisdiction, and the Court is duty-bound to construe the removal statute strictly against removal.

■ Here, Negrón sought removal a mere five days after Concilio filed its Complaint. He was never served with process, nor was he specifically named in the Complaint. His only proffered rationale for believing himself one of the "unknown defendants" is that he was actively involved in the process of lowering one flag and raising the other. That is not enough to meet his burden, particularly when Concilio has proffered an equally plausible rationale as to why Negrón should not be deemed a defendant. In the event of a clash between plaintiff and a putative defendant over jurisdiction, the Court must construe uncertainties in favor of remand, absent circumstances requiring a contrary result. *See Burns*, 31 F.3d at 1097. Here, there are no such circumstances present. Accordingly, the Court will remand the case to the Puerto Rico Court, and allow the plaintiff to identify those defendants it intends to sue.

■ Once Concilio serves the so-called "unknown defendants" with process, they may wish to seek removal to federal court if they deem it appropriate, since their 30–day removal period will not begin to run until the date of service, *see* 28 U.S.C. § 1446(b), unless, of course, they submit themselves to the Court's jurisdiction voluntarily.[3] As for Negrón, if he wishes to vindicate his federal constitutional rights, he certainly has the right to do so by seeking recourse before this Court. Here, however, he has not met his burden of establishing that he is a defendant. As a result, this case must be remanded to the Puerto Rico Court.

## CONCLUSION

For the foregoing reasons, the Court grants Concilio's Motion to Remand (Docket No. 8), and remands the case to the Court of First Instance of Puerto Rico, San Juan Superior Division.

IT IS SO ORDERED.

---

2. In a recent filing, Concilio stated that it has identified most of the unknown defendants and is prepared to serve them with process as soon as the Court resolves this motion. *See* Docket No. 17.

3. The Court admonishes the parties that, in accordance with the well-pleaded Complaint rule, the plaintiff is the master of his Complaint and is generally permitted to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. The plaintiff has the option of relying on state law although both federal and state law may provide a cause of action. *See, e.g., Danca*, 185 F.3d at 4. If the Court cannot say that a plaintiff's right to relief *necessarily* depends upon the construction of a substantial question of federal constitutional law, removal will likely not follow. The fact that an alternative theory of relief, not dependent on federal law, may exist is itself sufficient grounds to defeat federal question jurisdiction. *See Christianson v. Colt Inds. Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).